# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 18-2291 DOC (MRW) | Date | March 23, 2018 |
|---|---|---|---|
| Title | Medina v. Borders | | |

Present: The Honorable **Michael R. Wilner**

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff / Petitioner: | Attorneys Present for Defendant / Respondent: |
|---|---|
| None present | None present |

**Proceedings:** ORDER TO SHOW CAUSE RE: TRANSFER

1. This is a habeas corpus action filed by a state prisoner. Petitioner Medina was convicted in the early 2000s of sexual crimes in the Santa Clara Superior Court.

2. Since then, he's pursued post-conviction relief in the state court in Northern California. He also sought (and was denied) habeas relief in the federal court in the Northern District of California. Santa Clara County is within the geographic border of that federal judicial district.

3. In March 2018, Petitioner filed this action in the federal court in the Central District of California in Los Angeles. The petition does not appear to contain any explanation as to why Petitioner filed the action here. (The Court declines to address the obvious timeliness and successiveness problems also apparent with the current submission.)

4. When a prisoner files a state habeas petition in a state that contains two or more federal judicial districts, the petition may be filed in either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. 28 U.S.C. § 2241(d). The statute further states that, rather than dismissing an improperly filed action, a district court, "in the exercise of its discretion and in furtherance of justice[,] may transfer" the habeas petition to another federal district for hearing and determination. Id.; see also 28 U.S.C. § 1404(a) (court may transfer any civil action "to any other district or division where it might have been brought" for convenience of parties or "in the interest of justice").

5. Petitioner is ordered to show cause why the Court should not transfer this action to the United States District Court for the Northern District. Petitioner's response to this order will be due by April 16.

6. <u>Alternatively</u>, Petitioner may voluntarily dismiss his petition without further consequence if he believes that he filed this action in the incorrect court.

7. The Court directs the Clerk to serve the petition and supporting materials on the California Attorney General. The assigned Deputy Attorney General will file a notice of appearance within 14 days. However, **no response from the Attorney General will be required** until further notice from the Court.